IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PORT BOLIVAR MARINE SERVICE, INC. § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> M/V TRIUMPH, HER ENGINES, § <br> TACKLE, APPAREL, ETC., Having § <br> Official No. 654069, <u>IN REM</u>, and § <br> DANNY GWYN, In Personam § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Port Bolivar Marine Service, Inc., Plaintiff herein, and makes and files this cause of action complaining of Danny Gwyn, In Personam, and the M/V Triumph, Official No. 654069, <u>IN REM</u>, Defendants herein, and for cause of action would show the Court as follows:

I.

This is a cause of action arising within the admiralty and maritime jurisdiction of this Court and this is an admiralty case within the meaning of Rule 9h of the Federal Rules of Civil Procedure. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1333.

II.

Port Bolivar Marine Service, Inc. is a Texas corporation, with its principal place of business located in Port Bolivar, Texas.

III.

Danny Gwyn is a resident of Harris County, Texas, and may be served by serving him at his principal place of business, located at 1610 Sheldon Road, Channelview, Texas 77530.

IV.

The M/V Triumph is a motor vessel which has been documented by the United States Coast Guard National Vessel Documentation Office and has been assigned Official No. 654069. Said vessel is currently located at the Port Bolivar Marine Services, Inc. shipyard located at 1436 John Wayne Road, Port Bolivar, Texas 77650, and is within the jurisdiction of this Honorable Court.

V.

Port Bolivar Marine Service, Inc. is a marine shipyard located in Port Bolivar, Texas. It is in the business of providing services, mechanical repairs and overhauls to motor vessels operating in the Port Bolivar vicinity.

VI.

The M/V Triumph is a motor vessel whose owner of record, according to the United States Coast Guard Documentation Center, would appear to be Jim Gwyn. Jim Gwyn is a brother of Danny Gwyn. Danny Gwyn was charged with the operation of the M/V Triumph and he would be considered a person entrusted with the management of the vessel at the port of supply within the meaning of 46 U.S.C. §31341(a)(3), and as such, would have been presented with authority to procure necessaries for the vessel.

VII.

Some time in April of 2009, Danny Gwyn, as a person entrusted with the management of the vessel, contracted with Port Bolivar Marine Service, Inc. to have that company haul the M/V Triumph out of the water and put it in dry dock.  Port Bolivar Marine Service, Inc. agreed with Danny Gwyn that he could perform repairs to his own vessel while it was in dry dock at Port Bolivar Marine Service, Inc. on the basis that Danny Gwyn would pay an agreed upon storage charge for each day the vessel remained in dry dock.

VIII.

Danny Gwyn and his agents worked on the vessel for a period of several months while the vessel remained in dry dock at Port Bolivar Marine Service, Inc.  Danny Gwyn began receiving statements from Port Bolivar Marine Service, Inc. within the first two weeks for the services provided by Port Bolivar Marine Service, Inc. and from time to time would make periodic payments on said services.  The last payment made by Danny Gwyn was on November 24, 2009, at which point he refused to make any further payments.  Port Bolivar Marine Service, Inc has refused to release the vessel back to the possession of Danny Gwyn until the bill is paid in full.

IX.

At the current time, the amount due and owing by Danny Gwyn to Port Bolivar Marine Service, Inc. is in excess of $27,000.00.  Port Bolivar Marine Service, Inc. has demanded payment of said sum more than 30 days before the filing of this action.  Because of Danny Gwyn's default in making payments as agreed upon, Port Bolivar

Marine Service, Inc. has been required to obtain the services of the undersigned attorney to represent it in this action and, accordingly, it is entitled to reasonable attorney's fees, in addition to the total debt found to be due.

X.

Port Bolivar Marine Service, Inc. would show that it qualifies as the entity providing necessaries to a vessel on order of the owner or a person authorized by the owner and accordingly asserts a maritime lien for the charges due and owing against the M/V Triumph.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. That warrant for the arrest of the M/V Triumph be issued and that all persons claiming any interest therein be cited to appear and answer, and that the M/V Triumph be condemned and sold to pay the claims made in this demand, with interest and costs, and that the Plaintiff may become a purchaser at any sale of the vessel.

2. That the maritime lien referred to above be declared a valid first lien upon the M/V Triumph for the amounts prayed for above, together with interest and any and all other amounts required to be disbursed by the Plaintiff for the care, preservation, insurance and any other advances, expenses, attorneys' fees and costs made by Plaintiff herein, and that such maritime lien be declared prior and superior to the interest, liens and claims of any and all other persons that may hold maritime liens on the vessel.

3. That with sufficient notice, it be decreed that any and all persons, firms and corporations claiming any interest in and to the M/V Triumph come forward in this proceeding and present same or be forever barred and foreclosed of and from all rights or equity of redemption or claim of or to the mortgaged M/V Triumph.

4. That this Court may direct the manner in which the actual notice of the commencement of the suit shall be given by the Plaintiff to the Master or other ranking officer or caretaker of the M/V Triumph and to any person, firm or corporation who has recorded a Notice of Claim of an undischarged lien upon the vessel as provided within the Shipping Act.

5. That this Court award Judgment in favor of Plaintiff and against Danny Gwyn for any amount found due and owing, together with attorney's fees, interest and costs of court and other advances and expenses required to be disbursed by Plaintiff for the care of the vessel.

Respectfully submitted,

_____
Michael B. Hughes
Attorney-In-Charge for Plaintiff,
Port Bolivar Marine Service, Inc.
Texas Bar No.: 10227200
So. District No.: 287
802 Rosenberg - P. O. Box 629
Galveston, Texas 77553
mbhughes@mapalaw.com
Telephone: 409.795.2018
Facsimile: 409.762.1155

OF COUNSEL:

McLEOD, ALEXANDER, POWEL
   &amp; APFFEL, P.C.
802 Rosenberg
P. O. Box 629
Galveston, Texas 77553
Telephone: 409.795.2018
Facsimile: 409.762.1155

# AFFIDAVIT

STATE OF TEXAS § §
COUNTY OF GALVESTON §

BEFORE ME, the undersigned authority on this day personally appeared Michael B. Hughes, who after being duly sworn and deposed and upon his oath stated as follows:

"My name is Michael B. Hughes and I am the attorney for Port Bolivar Marine Service, Inc., and I am duly authorized to make this verification on behalf of the Plaintiff. I have read the foregoing Complaint and know that the contents thereof and the allegations contained therein are true and correct to my knowledge except as to those matters stated upon information and belief and as to those matters I believe them to be true."

_____
Michael B. Hughes

SUBSCRIBED AND SWORN TO BEFORE ME on this 4 day of February, 2010.

_____
Pamela A. McClellen
Notary Public in the for the State of Texas

PAMELA A. MCCLELLEN
MY COMMISSION EXPIRES
December 8, 2011

-6-